[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has moved for entry of judgment in accordance with a settlement stipulation between the parties which was placed on the record at the time the case was scheduled for trial.
On April 6, 2000, this matter was scheduled for a bench trial. On that date the parties reported they had reached an agreement to resolve the case. Both parties were present and represented by counsel.
It was agreed on the record that judgment would enter for the plaintiff in accordance with its claim for a prescriptive easement, that a deed of easement would be prepared which would permit the plaintiff, its successors or assigns, to take water from a pond for irrigation, using the existing access road and that the parties would comply with all regulations, orders and directives of the Department of Environmental Protection relating to the pond and prescriptive easement. It was also agreed that the plaintiff would pay $4000 to the defendant and $8000 held in escrow would be released. The defendant and his attorney indicated their understanding and assent to the settlement agreement.
The defendant has refused to sign the correcting deed of easement and the plaintiff has moved for judgment to enforce the agreement.
Applicable Law
"A trial court has the inherent power to enforce summarily a settlement agreement as a matter of law when the terms of the agreement are clear and unambiguous. . . . Agreements that end lawsuits are contracts, sometimes enforceable in a subsequent suit, but in many situations enforceable by entry of a judgment in the original suit. A court's authority to enforce a settlement by entry of judgment in the underlying action is especially clear where the settlement is reported to the Court CT Page 6600 during the course of a trial or after significant courtroom proceedings."Audubon Assoc. LTD Partnership v. Barclay Stubbs. 225 Conn. 804 (1993)626 A.2d 729.
Summary enforcement is not only essential to the efficient use of judicial resources, but also preserves the integrity of settlement as a meaningful way to resolve legal disputes. When parties agree to settle a case, they are effectively contracting for the right to avoid a trial."Audubon Assoc. LTD, supra 812.
Discussion
At the hearing on this motion, both the defendant and his attorney stated that the proposed judgment and deed of easement conformed to the terms of the agreement placed on the record. The defendant's reason for not signing the deed was that the plaintiff did not comply with the agreement and he doubted it would do so after judgment entered.
His specific complaint is that the plaintiff was drawing too much water and for a longer period of time than contemplated. These issues were, however, both raised as concerns of the defendant prior to the scheduled trial. They were resolved by the agreement that the plaintiff would comply with Department of Environmental Protection Regulations [concerning the amount and method of doing so]. Further, the purpose of drawing water from the pond was to irrigate the plaintiff's crop on approximately 50 acres of delineated land. The agreement put on the record (and agreed to by the defendant) provided the plaintiff could take water from the pond for irrigation as needed . ., in compliance with DEP regulations relating to the pond and prescriptive easement.
Since the defendant does not dispute that the proposed judgment comports with their stated agreement, that agreement, which was specifically approved by the defendant, is entitled to be enforced.
Accordingly, the Court grants the plaintiff's motion for entry of judgment in accordance with the proposed order and judgment filed by the plaintiff.
In addition thereto, the defendant shall execute the correcting deed forthwith, and upon delivery to the plaintiff, the plaintiff shall pay $4000 to the defendant.
Klaczak, J.